# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTO ROMERO-VASQUEZ,<br><br>               Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY<br>CORRECTIONAL CENTER, et al.,<br><br>               Respondents. | Case No. 1:26-cv-05313-JLT-EGC<br><br>A-Number: 213-125-126<br><br>ORDER WITHDRAWING THE REFERENCE OF THIS MATTER TO THE MAGISTRATE JUDGE; DENYING PETITION FOR WRIT OF HABEAS CORPUS; WITHDRAWING THE "NO TRANSFER ORDER" (Doc. 7) AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br><br>(Doc. 1) |

Before the Court is Justo Romero-Vasquez's petition for writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (Doc. 6.) In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **DENIES** the petition. (Doc. 1).

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is from Honduras. (Doc. 7 at 1.) On March 21, 2018, Petitioner was ordered removed *in absentia*. (Doc. 7 at 4.) On June 8, 2026, Petitioner was taken into immigration custody and is detained at the California City Detention Center, in California City, California.

(Doc. 1 at 4.)

On July 10, 2026, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that his due process rights had been violated. (Doc. 1 at 6.) On July 21, 2026, Respondents filed a Motion to Lift No Transfer Order on the basis that Petitioner has an administratively final order of removal and is now detained under 8 U.S.C. § 1231(a)(2). 8 U.S.C. § 1101(a)(42)(B); 8 C.F.R. § 1003.3; C.F.R. § 1241.1(c) (an order of removal becomes final "[u]pon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time"). (*Id.*) On August 3, 2026, Respondents confirmed no appeals were filed in the matter and there is no pending motion to reopen and rescind the *in absentia* removal order. (Doc. 10 at 1.)

## II.    LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III.    DISCUSSION

When a removal order is entered *in absentia*, 8 C.F.R. § 1241.1(e) states the order becomes administratively final immediately upon entry of the order. But Ninth Circuit case law reflects that the order in fact becomes final upon the earlier of (1) the 180-day period to file a motion to reopen expires, or (2) the BIA affirms the order. *Cui v. Garland*, 13 F.4th 991, 996 (9th Cir. 2021). Here, Petitioner's *in absentia* order of removal was entered on March 21, 2018, and he did not move to reopen within 180 days, or by September 17, 2018. Thus, on January September 17, 2018, Petitioner's *in absentia* removal order became final, triggering the 90-day removal period which has long since expired. Thus, Petitioner's detention is now governed by 8 U.S.C. § 1231(a)(2) and Petitioner is subject to mandatory detention during a ninety-day

removal period, as set forth in 8 U.S.C. §§ 1231(a)(1)(A), (a)(2)(A). *See Gregorio v. Warden*, No. 2:26-cv-00657-JLT-SKO, 2026 WL 810004, at *1–2 (E.D. Cal. Mar. 24, 2026) (finding that petitioner, who failed to appeal the IJ's grant of voluntary departure, was subject to mandatory detention and a final order of removal, thereby denying habeas relief).

"A petition challenging detention under section 1226 is rendered moot when detention authority shifts to section 1231." *Baires v. Lynch*, No. C 15-03635 RS, 2016 WL 4502558, at *2 (N.D. Cal. Aug. 29, 2016). Thus, the Court does not consider whether petitioner's initial detention was governed by 8 U.S.C. § 1226(a) or whether that detention violated due process. *Ortega v. Warden of Golden State Annex ICE Detention Facility*, No. 1:25-cv-01856-DAD-CSK, 2026 WL 836323, at *2 n.2 (E.D. Cal. Mar. 25, 2026); *Aguilar Garcia v. Kaiser*, No. 3:25-cv-05070-JSC, 2025 WL 2998169, at *2 (N.D. Cal. Oct. 24, 2025) (finding that the detention authority applicable to the petitioner had changed to § 1231 when his removal order became final). Petitioner is, therefore, not entitled to habeas relief at this time as his petition is now moot.

### IV.    CONCLUSION AND ORDER

1.    The petition for writ of habeas corpus (Doc. 1) is **DENIED**.

2.    The Court's prior order directing that Petitioner not be transferred, (Doc. 5), is **WITHDRAWN**.

3.    The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:  _August 11, 2026_

_Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE

3